Lemire, James R., J.
This is a civil action in which the plaintiff, Brice Estates, Inc. (“Brice”), alleges that the defendants, Alan F. Smith (“Smith”) and James Donaldson (“Donaldson”), committed trespass onto their property. Brice filed a one (1) count complaint seeking damages and permanent injhnctive relief. Smith and Donaldson now bring this special motion to dismiss, pursuant to G.L.c. 231, §59H, arguing that their action comprised constitutionally protected petitioning activity. For the following reasons, Smith and Donaldson’s motion is hereby DENIED.
FACTUAL BACKGROUND
Brice is a developer seeking to establish a large residential subdivision on land it owns in Rutland, Massachusetts. Donaldson is an owner of land abutting the land owned by Brice. In the spring of 2004, Donaldson noted flags indicating a wetlands boundary line between his property and Brice’s. Believing the flags to be inaccurately placed, Donaldson sought assistance from Smith, an experienced naturalist, in confirming the wetlands boundary. Donaldson and Smith then set out to inspect the boundary line, and in so doing, entered onto Brice’s land. Donaldson and Smith did not observe any “no trespassing” signs or fences. During the course of the evaluation, Smith and Donaldson observed a four-toed salamander, a rare species protected under the Massachusetts Endangered Species Act (MESA). After photographing the salamander and making notes, Smith and Donaldson submitted a Rare Animal Observation Form to the Massachusetts Division of Fisheries and Wildlife Natural Heritage and Endangered Species Program (“NHESP”) documenting their observations.
After Smith and Donaldson’s submission of the Rare Animal Observation Form to the NHESP, Brice conducted an NHESP-approved wildlife habitat evaluation and mapped actual and potential habitat spots of the four-toed salamander. As a result of this evaluation, a portion of Brice’s land was designated a “Priority Habitat” of the four-toed salamander and subjected to additional regulation under MESA and other environmental statutes. Based on the designation of certain portions of Brice’s land as a Priority Habitat, Brice had to redesign its subdivision layout, subjecting the project to substantial delays and costs.
DISCUSSION
I. Standard of Review
The Massachusetts Anti-SLAPP (Strategic Litigation Against Public Participation) statute states, in pertinent part:
In any case in which a party asserts that the civil claims, counterclaims, or cross claims against said party are based on said party’s exercise of its right of petition under the constitution of the United States or of the commonwealth, said party may bring a special motion to dismiss . . . The Court shall grant such special motion, unless the party *316 against whom such special motion is made shows that (1) the moving parly’s exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) the moving party’s acts caused actual injury to the responding party. In making its determination the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.
G.L.c. 231, §59H (2007 ed.).
The moving party asserting protection of its petitioning activity under the Anti-SLAPP statute must make a threshold showing through the pleadings and affidavits “that the claims against it are, in fact, ‘based on’ its petitioning activities alone and have no substantial basis other than or in addition to its petitioning activities.” Office One, Inc. v. Lopez, 437 Mass. 113, 122 (2002), citing Duracraft Corp. v. Holmes Prod. Corp., 427 Mass. 156, 159-60 (1998).
II. Smith and Donaldson’s Special Motion to Dismiss
Smith and Donaldson argue that Brice’s trespass complaint is nothing more than an attempt to punish them for submitting the Rare Animal Observation Form and causing Brice to redesign their subdivision project. Although submitting the form may have been protected petitioning activity under Anti-SLAPP statute, Smith and Donaldson’s argument fails to recognize that Brice’s complaint, if proven, would entitle Brice to possible damages and injunctive relief based on the trespass. In situations such as this, where the underlying conduct involves both petitioning activity and activity not considered petitioning, the moving party’s special motion should be denied. See Avasli v. Armstrong, 56 Mass.App.Ct. 740, 748-49 (2002) (defendant’s special motion to dismiss under the Anti-SLAPP statute denied where defendant’s actions consisted of petitioning activity as well as intentional interference with plaintiffs right to use and enjoy property). For the foregoing reasons, Smith and Donaldson’s Special Motion to Dismiss is hereby DENIED.
ORDER
For the foregoing reasons, it is hereby ORDERED that Smith and Donaldson’s Special Motion to Dismiss is DENIED.